## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WENDELL SLATER and<br>CHARMELL SLATER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:09-CV-1437-JOF |
| | ) | |
| STATE FARM FIRE AND<br>CASUALTY COMPANY, | )<br>)<br>) | |
| Defendant. | ) | |

## ANSWER OF STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled civil action, and files the following Defenses and Answers to Plaintiffs' Complaint and shows the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant has breached no duty owed to Plaintiffs.

### THIRD DEFENSE

Plaintiffs' claim for penalties and attorney's fees pursuant to O.C.G.A. § 33-4-6 is insufficient in fact and law, as this Defendant has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken and Plaintiffs, therefore, fail to state a claim under O.C.G.A. § 33-4-6 for any penalty or attorney's fees.

### FOURTH DEFENSE

Defendant State Farm is entitled to a set-off against any judgment entered against it arising out of this claim for those amounts already paid to Plaintiffs' mortgagee, to Plaintiffs themselves or to others on Plaintiffs' behalf.

### FIFTH DEFENSE

Plaintiffs may not recover from this Defendant because they have intentionally concealed and misrepresented material facts and circumstances relating to this insurance, their alleged loss, and their claim for insurance proceeds. Further, Plaintiffs may not recover from this Defendant by reason of Plaintiffs' fraud and false swearing relating thereto.

### SIXTH DEFENSE

Plaintiffs cannot recover the amount claimed as damages in their Complaint because such damages are remote, speculative, grossly exaggerated and inflated.

## SEVENTH DEFENSE

In answer to each of the numbered paragraphs of the Plaintiffs' Complaint, this Defendant shows this Court the following:

1.

In response to Paragraph 1 of Plaintiffs' Complaint, Defendant admits that the Plaintiffs were, on January 16, 2008, the title owners of the real property and improvements located at 10802 Paladin Drive, Hampton, Georgia 30228. The remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint are denied.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

In response to Paragraph 3 of Plaintiffs' Complaint, Defendant admits that it issued a policy of homeowners insurance to Plaintiffs, Policy No. 11-KA-4046-5, with an effective date of December 30, 2007, and an expiration date of December 30, 2008, subject to all of the terms and conditions of said policy.

4.

In response to Paragraph 4 of Plaintiffs' Complaint, Defendant admits that it issued Policy No. 11-KA-4046-5 to Plaintiffs and that it had received payment of all premiums due for that policy as of January 16, 2008. The remaining allegations

contained in Paragraph 4 of Plaintiffs' Complaint are denied.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

In response to Paragraph 11 of Plaintiffs' Complaint, Defendant admits that the Plaintiffs submitted Sworn Statements in Proof of Loss to State Farm in support of their claims. The remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

In response to Paragraph 13 of Plaintiffs' Complaint, Defendant admits that the claim submitted by Plaintiffs for their personal property losses exceeds $125,000. The remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

In response to Paragraph 15 of Plaintiffs' Complaint, Defendant admits that the claim submitted by Plaintiffs for their personal property losses was in an amount less than the policy limits contained in their policy for personal property.

In response to the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant has insufficient knowledge to admit or deny those remaining allegations.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

In response to Paragraph 17 of Plaintiffs' Complaint, Defendant shows that it advanced $14,500 to Plaintiffs under their contents coverage, but admits that it has not offered any further payments to Plaintiffs for their contents claim.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiffs' Complaint, subject to all of the terms and conditions of the policy issued to Plaintiffs by State Farm. Defendant State Farm denied owing Plaintiffs any sums for the damages sustained.

20.

Defendant admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

In response to Paragraph 21 of Plaintiffs' Complaint, Defendant State Farm shows that it has paid $114,598.56 under the Mortgage Clause of the dwelling coverage in Plaintiffs' policy with State Farm, but admits that it has not offered to pay Plaintiffs any amounts to fix, repair, or rebuild Plaintiffs' dwelling and real property losses. The remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

22.

In response to Paragraph 22 of Plaintiffs' Complaint, Defendant State Farm shows that it has made advance payments to Plaintiffs under their contents coverage of $14,500, that it has paid $24,707.18 to Plaintiffs or to others on their behalf for additional living expenses, and that it has paid $114,598.56 to Plaintiffs' mortgagee pursuant to the Mortgage Clause contained in the dwelling coverage of Plaintiffs' policy with State Farm. State Farm admits that it has not offered to pay any other amounts for any of Plaintiffs' claims, and specifically denies that State Farm owes any sums whatsoever to Plaintiffs. The remaining allegations

contained in Paragraph 22 of Plaintiffs' Complaint are denied.

## COUNT I - BREACH OF CONTRACT

23.

In response to Paragraph 23 of Plaintiffs' Complaint, Defendant State Farm incorporates herein its responses to Paragraphs 1-22 as set forth above.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint, and denies that any sums whatsoever are due to Plaintiffs.

## COUNT II - BAD FAITH DAMAGES UNDER O.C.G.A § 33-4-6

17. (sic)

In response to the second Paragraph 17 of Plaintiffs' Complaint, Defendant incorporates herein its responses to Paragraphs 1-24 of Plaintiffs' Complaint as set forth above.

18. (sic)

Defendant admits the allegations contained in the second Paragraph 18 of Plaintiffs' Complaint.

19. (sic)

Defendant admits the allegations contained in the second Paragraph 19 of Plaintiffs' Complaint, but denies that any sums whatsoever are due to Plaintiffs.

20. (sic)

In response to the second Paragraph 20 of Plaintiffs' Complaint, State Farm admits that it denied the claim submitted by Plaintiffs and has refused to make any payments to the Plaintiffs for their losses after its denial was issued. In further response to the second Paragraph 20 of Plaintiffs' Complaint, Defendant State Farm shows that it has paid to Plaintiffs or to others on their behalf a sum of $168,305.74 for additional living expenses, for advances on contents and in payment of the claim of Plaintiffs' mortgagee.

21. (sic)

Defendant denies the second and third Paragraphs 21 in Plaintiffs' Complaint.

All other allegations contained in Plaintiffs' Complaint not previously admitted or denied are hereby expressly denied.

WHEREFORE, having fully answered, this Defendant prays that this Complaint be dismissed with costs of this action casts against the Plaintiffs.

### 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

This 30th day of July, 2009.

                              Respectfully submitted,

                              SWIFT, CURRIE, MCGHEE & HIERS

                              *s/ Michael H. Schroder*
                              Michael H. Schroder
                              Georgia Bar No. 630075
                              mike.schroder@swiftcurrie.com
                              Laura A. Murtha
                              Georgia Bar No. 510008
                              laura.murtha@swiftcurrie.com
                              ***Attorneys for Defendant***

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
TEL: (404) 874-8800

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Answer of State Farm Fire and Casualty Company with the Clerk of Court using the CM-ECF System, which will automatically send e-mail notification of such filing to the following attorney of record:

Glenn A. Loewenthal, Esq.
Glenn Loewenthal, P.C.
2300 Windy Ridge Pkwy, Ste 205
Atlanta, GA 30339
glenn@glpc-law.com

This 30th day of July, 2009.

SWIFT, CURRIE, MCGHEE & HIERS

*s/ Michael H. Schroder*
Michael H. Schroder
Georgia State Bar No. 630075
mike.schroder@swiftcurrie.com

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800 – Phone
(404) 888-6199 – Fax