# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Wendell Slater and Charmell Slater, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-cv-01437-JOF |
| State Farm Fire & Casualty Company, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the court on Defendant's motion to amend answer [19].

Plaintiffs, Wendell and Charmell Slater, filed this breach of contract suit against Defendant State Farm, on May 29, 2009, contending that State Farm, in bad faith, failed to provide insurance coverage for a house owned by the Slaters following a fire in January 2008. The parties have engaged in some discovery and Defendant took the deposition of both plaintiffs in December 2009.

Shortly after those depositions, Defendant filed the instant motion to amend answer asserting that it was not until the depositions that Defendant learned Plaintiffs had not been living in the property at the time of the fire. Defendant seeks leave to amend its answer to add an affirmative defense that "Plaintiff may not recover from State Farm because the loss

did not occur to a 'dwelling used principally as a private residence on the **residence premises**' as required by Plaintiffs' policy under Coverage A." *See* Proposed Amended Answer, at Seventh Defense.

Plaintiffs oppose Defendant's motion contending that Defendant had known since as early as four days after the fire that Mrs. Slater had taken the children with her while she went to school in Albany, Georgia, leaving Mr. Slater behind in the home. This information was also confirmed in Defendant's subsequent interviews with Plaintiffs conducted between January and July 2008.

Defendant responds that the interviews conducted in 2008 indicated that at least Mr. Slater was still living in the house while Mrs. Slater went to school. However, in the December 2009 depositions, for the first time, both Mr. and Mrs. Slater admitted that no one had been living at the home at the time of the fire. Rather, Mr. Slater had been living in his car repair shop and had only come to the house the night of the fire because he had run out of kerosene at his shop.

Under *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend should be freely granted unless there is some evidence of (1) undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

2

The court finds that none of these factors is present in the instant motion. It is clear to the court that the information provided by Plaintiffs in their December 2009 deposition was new and relevant, and Defendant did not delay in seeking leave to amend its answer following the disclosure of this information. The court makes no comment as to the ultimate viability of Defendant's proposed affirmative defense, but does GRANT Defendant's motion to amend answer to add affirmative defense [19].

**IT IS SO ORDERED** this 10th day of February 2010.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)