IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WENDELL SLATER and | ) | |
| CHARMELL SLATER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:09-CV-1437-JOF |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

**I.  The Plaintiffs' Motion For Reconsideration Should Be Denied Because The Court Properly Granted State Farm's Motion For Summary Judgment, Based On The Plaintiffs' Failure To Reside At The Dwelling When The Loss Occurred.**

In its January 28, 2011 Order ("the Order"), the Court properly granted State Farm's Motion for Summary Judgment, because the Plaintiffs did not reside at the Dwelling when the loss occurred. The Plaintiffs' Motion for Reconsideration must fail, because it merely reasserts the Plaintiffs' argument that they were residing at the Dwelling when the fire loss occurred. "'In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.'" *McCorvey v.*

*Smith*, Civil Action No. 08-0151-WS-C, 2009 WL 2176344, at *2 (S.D. Ala. July 15, 2009) (quoting *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005)). "A motion for reconsideration should not be used to reiterate arguments that have been made previously, but 'should be reserved for certain limited situations." *Romala Stone, Inc. v. Home Depot U.S.A., Inc.*, Civil Action No. 1:04-CV-2307-RWS, 2009 WL 1405058, at *1 (N.D. Ga. May 18, 2009) (quoting *Deerskin Trading Post, Inc. v. United Parcel Serv. Of Am. Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997). A motion for reconsideration is appropriate only "where there is: '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'" Id. (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). "Similarly, a motion for reconsideration may not be used 'to present the Court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind.'" Id. (quoting *Bryan*, 246 F. Supp. 2d at 1259. Further, a party "cannot use a motion for reconsideration as an opportunity to show the court how it could have done better." Id. A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior decision and shall be supported by pertinent authority. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007). Finally, a motion that merely republishes the

reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind. Id.

In their Motion for Reconsideration, the Plaintiffs simply attempt, once again, to distinguish valid and enforceable Georgia law by merely pointing out factual discrepancies between the facts of this case and the facts of prior cases. In an effort to distinguish *Ga. Farm Bureau Mut. Ins. Co. v. Kephart*, 211 Ga. App. 423, 439 S.E.2d 682 (1993), the Plaintiffs contend that *Kephart* does not support the facts of this case because the Plaintiffs' Policy does not include a "Special Provisions" clause like the policy in *Kephart*. This is true; however, the Plaintiffs' Policy and the Kephart policy contain an identical definition of "residence premises." Id. at 424. Both the Kephart policy and the Plaintiff's Policy require that an insured reside at the residence premises listed in the Declarations. Id. To prove that they were residing at the residence premises, the Plaintiffs argue that the house remained full of Plaintiffs' possessions after the Plaintiffs moved to different residences. However, in *Kephart*, many of the plaintiff's possessions remained at the dwelling after she moved to a different residence. Id. Because the Plaintiff was not residing at the insured dwelling when the loss occurred, there was no coverage in the *Kephart* case. Similarly, because the Plaintiffs were not residing at the Dwelling when the fire loss occurred, there is no coverage in

this case.

Further, the Plaintiffs' interpretation of *Epps v. Nicholson*, 187 Ga. App. 246, 370 S.E.2d 13 (1988) is misplaced and the fact that the plaintiff in *Epps* owned two properties is irrelevant to the issue of whether the Plaintiffs in this case were residing at the Dwelling when the loss occurred. In *Epps*, the plaintiff had a homeowners policy on a rental property. Id. The homeowners policy required that the plaintiff/owner live at the insured property. Id. The *Epps* court found no ambiguity in the policy language, which is nearly identical to the language of the Plaintiffs' Policy, and held that there were two requirements for coverage: (1) that the dwelling place must be the place where the insured resides; and (2) that the dwelling must be shown as the "residence premises" in the Declarations. Id. at 247. In this case, it is irrelevant whether the Plaintiffs rented the Dwelling. Further, it is irrelevant whether the Plaintiffs previously used the Dwelling as their residence or intended to use the Dwelling as their residence in the future. The relevant fact is that, just like the plaintiff in *Epps*, the Plaintiffs in this case were not residing at the Dwelling when the fire loss occurred. Because the Plaintiffs were not residing at the Dwelling when the fire loss occurred, there is no coverage under the Policy.

Next, the Plaintiffs attempt to distinguish *Hill v. Nationwide Mut. Fire Ins.*

*Co.*, 214 Ga. App. 715, 448 S.E.2d 747 (1994)[1], on the basis that the dwelling in *Hill* was vacant. Vacancy and residency are two different issues, and the fact that the insured dwelling in *Hill* was vacant is not relevant to the issue of residency in this case. In *Hill*, the court found that no residency requirement applied to the Hills' loss, based on the specific language in the Hill policy. Id. at 716. However, the language in the *Hill* policy is completely different from the language found in the Plaintiffs' Policy, and the *Hill* ruling was limited to the specific language contained within the Nationwide policy. Moreover, as the Court noted in its Order, *Hill* was later distinguished by *Grange Mut. Cas. Co. v. DeMoonie*, 227 Ga. App. 812, 490 S.E.2d 451 (1997). In *DeMoonie*, the court rejected the insured's reliance on *Hill*, noting that the definition of "residence premises" in *Hill* was different and the *DeMoonie* language more closely resembled the language used in *Epps*. Id. at 814. Further, the *DeMoonie* court disapproved of the strained reading of the exclusions provisions in *Hill* to create an 'exception to the exclusions,' in order to provide coverage for property not otherwise provided by the policy. Id.

In this litigation, the critical holdings in *Hill* and *DeMoonie* relate to the

---

[1] Interestingly, in their Response to State Farm's Motion for Summary Judgment, Plaintiffs relied heavily on *Hill* to establish that they resided at the Dwelling when the loss occurred, but now attempt to distinguish *Hill* from the facts of this case.

court's acceptance of residency as a condition of coverage. The issue of residency is separate from the issue of vacancy, and the *Hill* and *DeMoonie* courts held that the definition of residence premises requires residence by the insured and listing of the premises on the Declarations page. In this case, the Plaintiffs were not residing at the Dwelling when the loss occurred, and the loss is not covered under the terms and conditions of the Plaintiffs' Policy.

As discussed above and in the Order, Georgia courts have held that the residency provision is valid and enforceable. However, because Georgia law has not yet considered whether an insured's intermittent occupancy of a dwelling constitutes residency, this Court considered case law from other jurisdictions. Contrary to Plaintiffs' argument, *Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 534 N.W.2d 502 (1995), provides insight for Georgia courts. Although the plaintiffs in *Heniser* used the insured dwelling as a vacation property, the definition of "residence premises" in *Heniser* is identical to the definition of "residence premises" in the Plaintiffs' Policy. Id. at 158. Contrary to the Plaintiffs' arguments, the unambiguous definitions of "residence premises" in *Heniser* and in this case require that the insureds reside at the residence premises when the loss occurs, regardless of whether the property is a principal or secondary residence. Because the Plaintiffs were not residing at the Dwelling

when the loss occurred, the Plaintiffs are not entitled to insurance coverage.

State Farm acknowledges that individual facts in this case differ from the facts in *Kephart*, *Epps*, *Hill*, *DeMoonie* and *Heniser*. However, the factual distinctions amongst the cases make no difference on the holdings of the cases, or on the Court's January 28, 2011 Order. All that matters is that the insureds in *Kephart*, *Epps, Hill, DeMoonie* and *Heniser,* as well as the Plaintiffs in this case, did not reside in their respective insured locations during the time immediately leading up to and at the time of the loss.

In its Order, the Court properly held that there is no intent element to whether a dwelling is a residence premises. However, in their Motion for Reconsideration, the Plaintiffs contend that intent should play a role in the definition of residence. State Farm agrees with the Court's Order and disputes the Plaintiffs' contention that *FBS Mortgage Corp. v. State Farm Fire and Cas. Co.*, 833 F. Supp. 688 (N.D. Ill. 1993) is the case most closely aligned to the situation faced by the Plaintiffs.[2] In *FBS*, the insured was in jail when the loss occurred. Id. at 694. While he was incarcerated, the insured arranged for another individual to live at the property. Id. After that individual moved out, the

---

[2] The Plaintiffs contend that the Court should follow the reasoning of *FBS*, based on the fact that the Plaintiff in *FBS* only owned one home, as opposed to two. However, this is a factual distinction that makes no difference to the outcome of the case.

insured had the locks changed and put a second individual in charge of the property.  Id.  The court held that the insured's absence was temporary and that the insurer could have excluded such a circumstance from coverage if it had wanted to.  Id.  However, *FBS* differs from the facts of this case in two critical ways: first, the insured was unable to reside at the dwelling because he was incarcerated; and second, the insured arranged for someone to live at the property while he was incarcerated.  Id.  In this case, the Plaintiffs chose to no longer reside at the Dwelling.  Further, the Plaintiffs did not make any arrangements to ensure that someone was staying at the Dwelling.  They voluntarily moved out and simply failed to comply with the residency provision; therefore, there is no coverage afforded under the Policy.

     Moreover, the Plaintiffs' argument that, per the holding in *FBS*, intent should play a role in the definition of "residence," is flawed.  In their Response to State Farm's Motion for Summary Judgment, the Plaintiffs allege that most of their possessions remained in the house, evidencing an intention to return.  (Doc. 31, pg. 17).  To say that the Plaintiffs intended to return to the Dwelling, however, merely highlights the fact that the Plaintiffs were not residing in the Dwelling when the loss occurred.  The Plaintiffs' intention to return to the Dwelling in the future does not minimize the fact that the Plaintiffs were not

residing at the Dwelling when the loss occurred and had no intent to reside at the Dwelling at that time.

Further, the Plaintiffs' efforts to counter the Court's Order is flawed, because the Plaintiffs do not rely upon any evidence in making their arguments. For example, in response to the Court's statement that, as a result of the utilities being terminated, the Plaintiffs had no electricity to provide light, the Plaintiffs responded as follows:

> "[W]hy does this matter? Plus, many people use gas powered generators to furnish power to their home as an alternative to electrical power. There are other alternative power sources such as solar energy."

(Doc. 38, pg. 10). Notably, the Plaintiffs' argument is not supported by any facts. There is no evidence that the Plaintiffs used alternative energy sources. However, the evidence does show that the Plaintiffs terminated all utilities at the Dwelling after Plaintiff Charmell Slater and the Slater children moved to Albany, Georgia. (Doc. 30-8, pg. 2.) At that time, Plaintiff Wendell Slater began to sleep on a cot at his auto shop, and no longer showered at the Dwelling. Id. at pg. 3. As the Court recognized in its Order, the fact that Plaintiff Wendell Slater testified that he spent most nights sleeping on a cot in his automobile repair shop perhaps says the most about whether Wendell Slater used the Dwelling as a

residence -- and he did not.

Finally, the Plaintiffs' argument -- that the Court cannot reasonably expect the Plaintiffs to understand that their policy requires them to continuously occupy their residence -- fails. The insured is charged with knowing the conditions imposed upon him by the terms of his policy. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245 (1976); *Wheeler v. Standard Guar. Ins. Co.*, 168 Ga. App. 565, 567, 309 S.E.2d 805 (1983). The Policy states that the residence premises is the place "where you reside." Because the house had no utilities and neither of the Plaintiffs was living at the house when the fire loss occurred, the Plaintiffs were clearly not residing at the Dwelling when the loss occurred.

Contrary to the Plaintiffs' allegations, this is not a case where the Plaintiffs' claim was denied because the Plaintiffs were poor. This is a case where the loss is not covered because the Plaintiffs were not residing at the Dwelling when the loss occurred. In this case, the Plaintiffs could have notified State Farm that they temporarily needed to vacate the home due to their desire to attend school in Albany or because of changed economic conditions. In that situation, for an additional premium an insurer can issue an endorsement waiving the residency requirement. However, the Plaintiffs failed to notify State Farm that a change in

their residency had occurred, and the facts of this case clearly establish that the Plaintiffs were not residing at the Dwelling when the fire loss occurred. Accordingly, the Court's decision to grant State Farm's Motion for Summary Judgment was proper and the Plaintiffs' Motion for Reconsideration should be denied.

**II.    The Plaintiffs' Motion For Reconsideration Should Be Denied Because The Court Properly Found That There Is No Bad Faith In This Case Because State Farm Had A Reasonable Belief That The Fire Was Intentionally Set and That The Plaintiffs Had Motive.**

The Plaintiffs' Motion for Reconsideration also should be denied because Plaintiffs' bad faith claims were properly dismissed.  As a threshold matter, because there was no coverage available under the Policy due to the violation of the residency condition, bad faith penalties pursuant to O.C.G.A. § 33-4-6 are unavailable and the Plaintiffs' Motion for Reconsideration should be denied.[3] Accordingly, the Plaintiffs' procedural argument regarding Local Rule 56.1(B)(1)(d) is moot, because the Court held that as a matter of law there is no coverage available under the Plaintiffs' Policy due to the Plaintiffs failure to reside at the residence premises on the date of loss.  It is axiomatic that, where

---

[3] O.C.G.A. § 33-4-6(a) provides: "In the event of a loss **which is covered by a policy of insurance and** the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable …." (Emphasis added.)

there is no coverage for a loss, the insurer cannot be in bad faith for refusing to pay.

Nevertheless, even if the Court were to consider the Plaintiffs' procedural argument regarding Local Rule 56.1(B)(1)(d), the Plaintiffs' Motion for Reconsideration still should be denied because, as the Court noted in its Order, State Farm provided the Court with a copy of Dennis Ellerbee's deposition, which referenced the facts relative to State Farm's arson argument.

Turning to the specifics of Plaintiffs' procedural argument, Local Rule 56.1(B)(1)(d) provides as follows:

> B. Form of Motion. (1) A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts *to which the movant contends there is no genuine issue to be tried*. Each material fact must be numbered separately and supported by a citation to evidence proving such fact. The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts.

(Emphasis added.) The facts that Plaintiffs complain were not included in State Farm's statement of undisputed facts were facts to which there remain genuine issues to be tried. Undeniably, the question of whether the Plaintiffs intentionally burned the residence is hotly disputed by the parties, and State

Farm does not contend that it is entitled to summary judgment on this disputed fact issue. Rather, State Farm merely contends that the legitimate existence of disputed questions of fact about its defenses to this claim preclude bad faith penalties as a matter of law. *Rice v. State Farm Fire and Cas. Co.*, 208 Ga. App. 166, 169, 430 S.E.2d 75 (1993). "It is the very fact that certain factual issues regarding the merits of a claim are in genuine conflict that causes there to be no conflict, as a matter of law, whether an insurance company had reasonable grounds to contest a particular claim." Id. at 430 S.E.2d 78.

The Local Rules require that a party prepare a statement of material facts to which the movant contends there is no genuine issue to be tried. However, as discussed in the *Rice* case, the issue of bad faith presents "somewhat of an anomaly" because a bad faith claim must be dismissed as a matter of law whenever there are genuine issues of fact to be tried on the underlying contractual defenses, such as arson and fraud. Id. The pertinent facts relating to arson and misrepresentations are in dispute. Accordingly, it would have been inappropriate to include such facts in State Farm's statement of *undisputed* facts. Those same disputed facts, however, still support State Farm's argument that the bad faith claims should be dismissed as a matter of law.

The Plaintiffs suggest that, had they known the Court was going to

consider facts supporting arson and misrepresentations, they would have supplied the Court with additional facts and/or testimony that would have proven the existence of jury issues on these subjects, thus precluding summary judgment.  Again, this misses the point.  State Farm does not contend that it is entitled to summary judgment on the underlying contract claim because Plaintiffs burned the house or made material misrepresentations.  State Farm concedes that jury issues exist that would preclude summary judgment on those issues.  There is, therefore, no reason to give Plaintiffs an opportunity to submit additional facts or the testimony of Frank Hagan, the origin and cause expert retained by the Plaintiffs.  Such facts or testimony would only show that Plaintiffs dispute State Farm's evidence on arson and fraud, and would not add any weight to Plaintiffs' argument that their bad faith claims should remain in the case.

In conjunction with their Motion for Reconsideration, the Plaintiffs requested that State Farm file the original deposition transcript of Frank Hagan. (*See* Document 39.)  There is no valid reason to file such evidence at this late date. A party may not use a motion for reconsideration "to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage

in the litigation." *Romala Stone, Inc. v. Home Depot U.S.A., Inc.*, Civil Action No. 1:04-CV-2307-RWS, 2009 WL 1405058, at *2 (N.D. Ga. May 18, 2009); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).

In *Mays*, the plaintiff submitted several affidavits in support of her claims when she filed a motion for reconsideration. Id. at 46. The affidavits were new evidence, which the plaintiff alleged created an issue of fact as to her prima facie case. Id. The court held that a motion to reconsider should not be used by the parties to set forth new theories of law or to introduce new evidence post-judgment unless they show that the evidence was previously unavailable. Id. The *Mays* court held that the plaintiff failed to allege, much less show, that she could not have submitted the affidavits attached to her motion for reconsideration any earlier. Id. Because the evidence was not timely submitted, and no showing was made that the evidence could not have been presented previously, the district court correctly denied the motion for reconsideration. Id.

The proper time to file Mr. Hagan's deposition was when the Plaintiffs filed their response to State Farm's Motion for Summary Judgment. The deposition transcript was available to the Plaintiffs at that time; however, the Plaintiffs chose not to file the deposition with the Court. Based on the *Romala Stone* and *Mays* holdings, State Farm has not filed Mr. Hagan's deposition with

the Court at this late date.  As indicated above, the Hagan transcript would add nothing to the Plaintiffs' argument, because it only goes to an issue that is not before the Court –– whether the Plaintiffs committed arson as a matter of law. The facts relating to arson and misrepresentation that are admittedly in genuine dispute cause there to be no conflict, as a matter of law, on the issue of bad faith; accordingly, the Court properly granted State Farm's Motion for Summary Judgment with regard to bad faith, and the Plaintiffs' Motion for Reconsideration should be denied.

## CONCLUSION

For the reasons stated above, State Farm respectfully requests this Court deny Plaintiffs' Motion for Reconsideration and uphold its January 28, 2011 Order.

## 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, we hereby certify that this document was prepared in Book Antiqua font, 13-point.

This 14th day of March, 2011.

    Respectfully submitted,

    SWIFT, CURRIE, McGHEE & HIERS, LLP

    */s/ Michael H. Schroder*
    Michael H. Schroder
    Georgia Bar No. 630075
    mike.schroder@swiftcurrie.com
    Laura A. Murtha
    Georgia Bar No. 510008
    laura.murtha@swiftcurrie.com
    *Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Defendant's Response To Plaintiffs' Motion For Reconsideration* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Glenn A. Loewenthal, Esq.
> Glenn Loewenthal, P.C.
> 2300 Windy Ridge Pkwy, Ste 205
> Atlanta, GA 30339
> glenn@glpc-law.com

This 14th day of March, 2011.

> /s/ *Michael Schroder*
> Michael H. Schroder
> Georgia Bar No. 630075
> mike.schroder@swiftcurrie.com
> *Attorney for State Farm Fire and Casualty Company*

Swift, Currie, McGhee & Hiers, LLP
Suite 300 The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309
P: 404.874.8800
F: 404.888.6199

2285303v.1 00205/02813