# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Wendell Slater and Charmell Slater, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| State Farm Fire & Casualty Company, | : | 1:09-cv-01437-JOF |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the court on Plaintiffs' motion for reconsideration [38] and Plaintiffs' motion for extension of time to file notice of appeal [40].

Plaintiffs, Wendell and Charmell Slater, filed this breach of contract suit against Defendant State Farm, on May 29, 2009, contending that following a fire in January 2008, State Farm in bad faith failed to provide insurance coverage for a house owned by the Slaters. In an order dated January 31, 2011, the court granted Defendant's motion for summary judgment finding that Plaintiffs were not residing at the dwelling at the time the

fire occurred and therefore Plaintiffs had not satisfied the residency requirement under the insurance contract. The court also rejected Plaintiffs' bad faith denial of coverage claim.

In the instant motion for reconsideration, Plaintiffs contend that the court improperly considered facts not set forth in Defendant's statement of undisputed facts filed in conjunction with its motion for summary judgment. Plaintiffs state they did not respond to certain facts because they were not set forth in the statement of undisputed facts. Plaintiffs, therefore, object to the court's consideration of the facts of the arson investigation. Plaintiffs contend that had the court permitted them to supplement their response, they would have filed the deposition of their own fire cause and origin expert, Frank Hagan, who believed State Farm's investigator did not conduct a proper investigation. Plaintiffs also argue that the court improperly failed to construe "residence premises" against the drafter.

It is axiomatic that a motion for reconsideration is "reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserved Endangered Areas of Cobb's History, Inc. (P.E.A.C.H.) v. United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.) (a "motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time"), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Similarly, the "purpose of a Rule 59(e) motion is not to raise an argument that

AO 72A
(Rev.8/82)

was previously available, but not pressed." *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).

Here, Plaintiffs' argument for reconsideration of "residence premises" does not fall into any of the relevant categories for reconsideration. Rather, Plaintiffs simply contend that the court did not properly interpret the insurance contract. Plaintiffs also make numerous policy and equitable fairness arguments that are not relevant to interpretation of the insurance contract. While these may be appropriate arguments to make on appeal, they do not form the proper basis for a motion for reconsideration.

Because the court finds that Defendant owes no coverage under the circumstances of the case, the court's ruling on bad faith is only in the alternative. The court, however, does state that there is no rule of procedure which requires the court to ignore facts in the record before it. As the court noted in its order, Defendant's position has been clear that it denied coverage based on the fact it believed the fire was an act of arson. Plaintiffs had an opportunity to contest that assertion and did not. In any event, Mr. Hagan's differing views as to the cause of the fire say nothing about whether State Farm had a reasonable basis to deny coverage and is therefore not relevant to the bad faith claim.

For these reasons, the court DENIES Plaintiffs' motion for reconsideration [38].

Plaintiffs also filed a motion for extension of time to file their notice of appeal until thirty days after the court ruled on their motion for reconsideration. However, Plaintiffs

3

later filed a timely notice of appeal on March 1, 2011.  Therefore, the court DENIES AS MOOT Plaintiffs' motion for extension of time to file notice of appeal [40].

**IT IS SO ORDERED** this 23rd day of June, 2011.


                /s/ J. Owen Forrester
              J. OWEN FORRESTER
        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)